**AMERICAN SAMOA GOVERNMENT, Plaintiff,**

v.

**AMOSA ROPATI, Defendant**

High Court of American Samoa
Trial Division

CR No. 54-99

October 28, 1999

Before KRUSE, Chief Justice, LOGOAI, Associate Justice, SAGAPOLUTELE, Associate Justice.

Counsel: For Plaintiff, John W. Cassell, Assistant Attorney General
For Defendant, Katopau T. Ainu`u

ORDER DENYING PLAINTIFF'S MOTION FOR JOINDER

On August 23, 1999, plaintiff American Samoa Government ("ASG") filed a motion to join this case with *ASG v. Mekiafa Tupua, Jr.*, CR No.

35-99. A hearing on the issue was held on September 23, 1999, at which counsel for all parties were present. Mekiafa Tupua, Jr. ("Tupua") expressed no objection to joinder, whereas Amosa Ropati ("Ropati") opposed joinder. We directed briefing from the parties. On October 1, 1999, Ropati filed his Memorandum in Opposition to Motion to Join and ASG responded with a Reply on October 5, 1999, whereupon the matter was taken under advisement. After weighing the arguments for and against separate trials, we deny the motion for joinder.

■ We first examine whether Tupua's declaration will be admissible at trial for use against him or codefendant Ropati. Tupua's statement does not constitute hearsay when used against him because the declaration is not being offered to prove the truth of the matter it asserts, namely, that his uncle was in fact taking a large risk in shipping the drugs through the mail. Rather, the remark is being offered to prove Tupua's knowledge that he was picking up drugs. Tupua's declaration being offered to prove his state of mind, it is not covered by T.C.R.Ev. 801, and is admissible against Tupua.

■ ASG argues that Tupua's statement is not hearsay with respect to Ropati. Under a strictly literal truth of the matter asserted standard, it is not, because ASG is not using the statement to prove that Ropati was in fact "taking a big chance bringing methamphetamine to the Territory by post." Rather, ASG seeks to introduce this statement against Ropati in order to prove identity, namely, that Ropati was the intended recipient of the package. Notwithstanding the literal meaning of the remark, its use to implicate Ropati constitutes hearsay because the remark effectively asserts that Ropati was the intended recipient of the package, and it is being offered by ASG to prove the truth of this matter. Thus, the declaration, as hearsay, cannot be used against Ropati unless it comes under an exception to the hearsay rule. T.C.R.Ev. 802.

■ Plaintiff ASG appears to assert that Tupua's declaration can be admitted against Ropati under the co-conspirator exception to the hearsay rule. T.C.R.Ev. 801(d)(2)(E). This argument fails because the declaration was not offered "in furtherance of the conspiracy." At the time Tupua allegedly made the declaration, he was not seeking assistance from witness Lilio, nor was he attempting to involve Lilio in the conspiracy. Rather, his words were a casual admission and idle conversation, neither of which can be used against a co-conspirator. *See U.S. v. Layton,* 720 F.2d 548 (9th Cir. 1983); *U.S. v. Shores,* 33 F.3d 438 (4th Cir. 1994). Tupua's remark to Lilio is thus inadmissible hearsay with respect to Ropati. Tupua's declaration thus being admissible against him, but not Ropati, we turn to the issue of whether Ropati would be denied a fair trial if the cases are joined.

Judicial economy speaks for joinder. The defendants have been

arraigned on similar charges, and are allegedly part of the same conspiracy to import and sell illegal drugs. The prosecution also presents a good case for joinder. The trials of both defendants require the same witnesses and exhibits, and ASG may be calling an off-island witness from San Francisco, California for both cases.

To facilitate joinder, ASG proposes that the jury be instructed to limit consideration of Tupua's remarks to the case against Tupua. Granted, the integrity of the judicial process depends on "the almost invariable assumption of the law that jurors follow their instructions," *Richardson v. Marsh,* 481 U.S. 200, 206 (1987), nevertheless, when right to confrontation problems may be caused by hearsay statements of a codefendant to be used in joint trial, a court must consider remedial action, including severance. *U.S. v. Truslow,* 530 F.2d 257 (1975). Persuasive authority holds that separate trials are essential when incriminating out-of-court statements of a codefendant, admissible against the declarant but not against codefendant, would be presented in evidence. *U.S. v. Corbin Farm Service,* 444 F.Supp. 510 (1978).

In weighing the matter before us, we conclude that Ropati's rights should supersede considerations of economy. ASG's needs may be accommodated to some extent. To alleviate the burden to ASG presented by separate trials, the court, for example, is open to scheduling the two trials during the same week, but separately, to minimize the expense and logistical difficulties involved with off-island witnesses. This option can be further explored at the forthcoming pretrial conference.

### Order

For the foregoing reasons, plaintiff's joinder motion is hereby denied. It is so ordered.